IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| ALFRED KIRKHAM | PETITIONER |
| V. | NO. 2:09CV036-B-S |
| BOLIVAR COUNTY JAIL, et al. | RESPONDENTS |

**MEMORANDUM OPINION**

This matter is before the court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate currently in the custody of the Mississippi Department of Corrections, files this matter pursuant to 28 U.S.C. § 2254. Petitioner pled guilty to possession of cocaine with intent to distribute and sentenced has a habitual offender to 28 years imprisonment in December, presumably of 2008. He has filed this habeas petition seeking relief from his state imposed sentence. Petitioner has admittedly not presented his claims to the State's highest court.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c)[1]; *see also, Rose v. Lundy*, 455 U.S. 509 (1982). An applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [§ 2254] if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, it is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all his claims

---

[1] 28 U.S.C. §2254 (b)(1) and (c) provide:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

in state court prior to seeking federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995).

To satisfy this requirement, the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Accordingly, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844.

By his own admission, Petitioner states that he has not pursued an appeal[2] or any post-conviction relief. It is abundantly clear Petitioner has not presented his claims to the State's highest court as required before pursuing federal habeas relief. *See* Miss. Code Ann. §§ 99-39-1 *et seq*. The federal habeas petition is premature and will be dismissed without prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the 7th day of April, 2009.

/s/ Neal Biggers
_____
NEAL B. BIGGERS
SENIOR U.S. DISTRICT JUDGE

---

[2] Under Mississippi law a defendant cannot appeal from a plea of guilty. Miss. Code Ann. § 99-35-101. A defendant may, however, appeal the sentence given as a result of the plea through a motion for post-conviction collateral relief. *Trotter v. State*, 554 So.2d 313, 315 (Miss. 1989); *Krickbaum v. State*, 990 So.2d 796, 797 (Miss. App. 2008).